RISNER, Appellee,

v.

ERIE INSURANCE COMPANY, Appellant.

[Cite as *Risner v. Erie Ins. Co.* (1993), 91 Ohio App.3d 695.]

Court of Appeals of Ohio,
Seneca County.

No. 13–93–17.

Decided Nov. 12, 1993.

*Kentris & Assoc.* and *George L. Kentris,* for appellee.

*Baran, Piper, Tarkowsky, Fitzgerald & Theis* and *Gregory G. Baran,* for appellant.

---

SHAW, Judge.

Defendant-appellant, Erie Insurance Company ("Erie"), appeals the summary judgment granted in favor of plaintiff-appellee, Anne M. Risner, by the Court of Common Pleas of Seneca County, in this declaratory judgment action over the insurance company's subrogation right to certain proceeds of a personal injury settlement.

On August 6, 1990, Risner was in a car accident which resulted in her sustaining various injuries. The other car involved in the accident was driven by

Christopher Daniel. At the time of the accident, Risner was insured by Erie. Erie subsequently advanced to Risner a total of $12,168.85, the policy limit, for the payment of medical expenses.

On February 27, 1992, Risner filed suit against Daniel in the Seneca County Common Pleas Court. Erie was not a party to that action. Risner subsequently settled that suit for $133,000, which was paid by Westfield Insurance Company, Daniel's insurer at the time of the accident. As part of the settlement, Westfield issued a check for $12,168.85, made jointly payable to Risner and to Erie, in apparent recognition of a subrogation right asserted by Erie as to the sum advanced by Erie for Risner's medical expenses.

On November 19, 1992, Risner filed the instant action against Erie, over the $12,168.85 check. On the theory of quantum meruit, the complaint sought a judgment declaring that Risner was entitled to retain a portion of the $12,168.85 check, as reimbursement for attorney fees and litigation expenses paid by her. The complaint alleged that Erie had not participated in any way in the litigation against Daniel and asserted that it would be inequitable for Erie to receive the entire $12,168.85, to which Erie claimed it was entitled due to a right of subrogation. The complaint further alleged that, as a result of the accident, Risner incurred a total of $14,751.25 in medical expenses, that Risner suffered other damages totalling $356,512, and that Risner had settled her claim against Daniel for an amount less than that which would fully compensate her for her damages.

Both parties filed motions for summary judgment, which were heard by the trial court on March 30, 1993. At that time, in addition to her quantum meruit argument, Risner argued that she was entitled to keep the full $12,168.85 on the theory that an insurer may not be reimbursed pursuant to its subrogation rights unless the insured has received full compensation from the tortfeasor for the insured's damages.

On May 19, 1993, the trial court granted summary judgment in favor of Risner. The trial court found that Risner had not been fully compensated for her injuries and ruled that Risner was therefore not required to pay any portion of the check to Erie.

Erie thereafter brought the instant appeal, raising the following sole assignment of error:

"The trial court erred as a matter of law in granting summary judgment in favor of the plaintiff/appellee and ruling that a subrogated insurer may not recover its subrogated interest from its insured where its insured claims to have been undercompensated relative to her settlement with the tortfeasor."

In ruling that Erie was not entitled to subrogation for the $12,168.85 it had paid to Risner, the trial court relied on the following language from *James v. Michigan Mut. Ins. Co.* (1985), 18 Ohio St.3d 386, 388, 18 OBR 440, 441–442, 481 N.E.2d 272, 273–274, as quoted in *Blackburn v. Hamoudi* (Sept. 18, 1990), Franklin App. No. 89AP–1102, unreported, 1990 WL 136045:

" 'An established, general rule of subrogation is that where an insured has not interfered with an insurer's subrogation rights, the insurer may neither be reimbursed for payments made to the insured nor seek setoff from the limits of its coverage *until the insured has been fully compensated* for his injuries.' " (Emphasis *sic.*)

■ Assuming, for the moment, that the trial court was correct in applying the rule that less than full compensation bars subrogation, we must address the trial court's underlying finding that Risner was not fully compensated for her damages. As noted, *supra,* Risner's complaint alleged that she had not received full compensation for her injuries from Daniel. This allegation was reiterated in Risner's motion for summary judgment and in Risner's affidavit which accompanied the motion.

However, the only "evidence" presented by Risner in support of her claim of incomplete compensation was another document filed in conjunction with Risner's summary judgment motion. This document was entitled "A Preliminary Report on the Economic Loss of Anne M. Risner" and was prepared by Dr. Norman L. Eckel, a professor of business at Bowling Green State University. In the report, Dr. Eckel concluded that Risner had suffered an economic loss of $356,512 as a result of the accident. No affidavit by Dr. Eckel accompanied the report, nor was any deposition testimony by Dr. Eckel filed in the case.

Civ.R. 56(C) provides, in relevant part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

■ In ruling upon a motion for summary judgment, a trial court is precluded from considering any documentary evidence of a type not specified in Civ.R. 56(C). See *Logsdon v. Ohio N. Univ.* (1990), 68 Ohio App.3d 190, 587 N.E.2d 942; see, also, *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702, citing with approval *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632.

As such, it was improper for the trial court to consider Dr. Eckel's report for summary judgment purposes. Absent the report, the record contains no evidence in support of Risner's claims that she was damaged to the extent of $356,512 and that she was not fully compensated for her injuries by her settlement with Daniel. To the contrary, the voluntary settlement by Risner of her lawsuit against Daniel for $133,000 is persuasive evidence of the value of Risner's personal injury claim, and tends to prove that Risner was fully compensated. See *J.C. Penney Cas. Ins. Co. v. Moore* (Nov. 20, 1989), Marion App. No. 9–88–18, unreported, 1989 WL 145151.

Accordingly, as there was no evidence upon which the trial court could have properly relied in finding that Risner was not fully compensated for her injuries, the trial court erred in granting summary judgment in this case on the principle that an insurer may not be reimbursed, pursuant to a right of subrogation, unless the insured has received full compensation for his or her injuries.

Moreover, while the principle upon which the trial court relied is indeed a well-established one, the right of an insured in such a situation to retain the total sum recovered from the tortfeasor is not an unqualified right.

The principle that less than full compensation bars subrogation was first set forth by the Ohio Supreme Court in *Newcomb v. Cincinnati Ins. Co.* (1872), 22 Ohio St. 382. In *Newcomb,* the insurer claimed the proceeds from a suit against the tortfeasor on the basis of common-law subrogation rights. There was no written subrogation agreement or assignment between the insurer and the insured, nor was there any cooperation by the insurer, even upon request by the insured, in the suit against the tortfeasor. On those facts, the Supreme Court held that the insured had priority over the proceeds recovered from the tortfeasor.

In *Peterson v. Ohio Farmers Ins. Co.* (1963), 175 Ohio St. 34, 23 O.O.2d 311, 191 N.E.2d 157, the Supreme Court distinguished its holding in *Newcomb.* In *Peterson,* there was a written subrogation agreement which assigned to the insurer all right of recovery against a tortfeasor to the extent of payment by the insurer to the insured. There was also some cooperation by the insurer in the recovery from the tortfeasor. In light of those two factors, the Supreme Court in *Peterson* held that the insurer was entitled to be indemnified first out of the proceeds recovered from the tortfeasor.

In *Ervin v. Garner* (1971), 25 Ohio St.2d 231, 54 O.O.2d 361, 267 N.E.2d 769, the Supreme Court further limited its holding in *Newcomb.* In *Ervin,* there was also a written subrogation agreement which assigned to the insurer the right of recovery against a third party to the extent of the insurer's obligation to the insured. However, there was no cooperation by the insurer in the recovery from

the tortfeasor. The Supreme Court in *Ervin* determined that cooperation by the insurer was not a prerequisite to the insurer's being given priority to the proceeds recovered from the tortfeasor, even though the insured had not been fully compensated. *Ervin, supra,* at 237, 54 O.O.2d at 364–365, 267 N.E.2d at 772–773. Instead, the court focused on the language of the subrogation agreement in that case, finding that it clearly and unambiguously granted the insurer priority to any recovery from the tortfeasor. *Id.* at 237–238, 54 O.O.2d at 364–365, 267 N.E.2d at 772–773. The court noted that "[t]his view does not exhibit a lack of concern over a possible windfall to the insurer who sits back and allows the insured to pursue the action against the tortfeasor." *Id.* at 237, 54 O.O.2d at 364–365, 267 N.E.2d at 773. "Obviously that could happen, but such a result should not be characterized as unfair if it is in accordance with the provisions of the policy as sold." *Id.* at 238, 54 O.O.2d at 365, 267 N.E.2d at 773.

In the case *sub judice,* the insurance policy issued by Erie to Risner, which was in effect at the time of the accident, contained the following subrogation clause:

"To the extent of payment under this policy, we will have the right to recover from anyone else held legally responsible. Anyone we protect will sign papers and do whatever is required to transfer this right to us and do nothing to harm this right. *Anyone receiving the benefit of a payment under this policy will hold in trust for us the proceeds of any recovery of damages from another, and reimburse us to the extent of our payment.*" (Emphasis added.)

This language is specific and unequivocal. It requires reimbursement, to the extent of any payment by Erie, from the proceeds of *any* recovery from a third person. In other words, it grants to Erie the unqualified right of subrogation to the entire amount paid to Risner under their contract of insurance. Thus, on the basis of the language of the subrogation agreement, considered in light of the case law discussed above, we find that the trial court erred in failing to grant summary judgment in favor of Erie.

In conclusion, Erie's assignment of error is sustained. The summary judgment granted in favor of plaintiff-appellee, Anne Risner, is reversed and the cause is remanded to the trial court for the entry of judgment in favor of defendant-appellee, Erie Insurance Company.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., and HADLEY, J., concur.