This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The Plaintiff-Appellant, David J. Stephens ("Stephens"), appeals the decision of the Seneca County Court of Common Pleas granting summary judgment in favor of the Plaintiff-Appellee, Farmland Industries, Inc. ("Farmland").
The pertinent facts of the case are as follows. On November 6, 1996, through the fault of Stewart Emanhiser ("Defendant"), Stephens was injured in an automobile accident. At the time of the accident, Stephens was a passenger in a vehicle driven by the Defendant. Both Stephens and the Defendant were employees of Farmland. As a result of the accident, Stephens suffered a permanent injury to his right leg, as well as numerous other injuries. Stephens has incurred medical bills totaling approximately $85,000, and has suffered lost wages in the amount of $20,000.
At the time of the accident, Stephens had employee health coverage through his employer, Farmland.[1] Thus, Farmland paid the majority of the medical bills incurred by Stephens as a result of the accident.[2] The Defendant, meanwhile, had automobile liability coverage through Allstate Insurance Company in the amount of $12,500. Farmland asserts that it has a subrogation interest in any recovery Stephens might receive from the Allstate insurance policy in the amount of the medical benefits it has paid upon his behalf. Stephens, however, has refused to reimburse Farmland. Thus, Farmland filed the present suit.
Both Stephens and Farmland filed motions for summary judgment asserting priority to the proceeds of the Allstate policy. On February 2, 1999, the trial court overruled Stephens' motion and granted summary judgment in Farmland's favor.
Appellant now appeals, asserting one assignment of error.
 Standard of Review for Summary Judgment In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).
Having set forth the proper standard of review, we now turn to the merits of Stephens' sole assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in holding the "make-whole" doctrine did not apply; both state and federal case law, as well as the insurance contract itself, embrace the "make-whole" doctrine.
Stephens asserts in his sole assignment of error that the trial court erred in overruling his motion and granting summary judgment in favor of Farmland. Specifically, Stephens alleges that he has not been fully compensated for his physical injuries and economic loss. Thus, Stephens contends that Farmland cannot be reimbursed on a subrogation claim.
In support of his position, Stephens cites both state and federal common law principles for the proposition that, because he has not been made whole, Farmland does not have a subrogation interest in any recovery he might receive from Allstate Insurance Company.
Farmland, meanwhile, cites both state and federal case law for the proposition that the make-whole doctrine is merely a principle of interpretation that can be overridden by the clear language of a subrogation provision contained within an employee benefit plan.
The subrogation provision at issue in the present case provides as follows:
 The plan shall be subrogated, to the extent of benefits paid or payable by this Plan, to any monies paid or payable by any other plan (as defined in this Article) or person by reason of the illness or injury which occasioned the payment of benefits by this plan, whether or not those monies are sufficient to make whole the Participant to whom or on whose behalf this Plan made its payments.
Farmland maintains that the foregoing subrogation provision specifically disclaims the make-whole doctrine and, thus, controls the outcome of the present case.
We will now determine relative priority under Ohio state law.
 I. PRIORITY UNDER OHIO STATE LAW
In Ohio, the general principle that less than full compensation bars subrogation was first set forth in Newcomb v.Cincinnati Ins. Co. (1872), 22 Ohio St. 382. However, in Ervin v.Garner (1971), 25 Ohio St.2d 231, the Supreme Court of Ohio limited its holding in Newcomb. In Ervin, the Court focused on the language of a subrogation clause at issue in the case. In finding for the insurer, the Court held that a subrogation provision that clearly and unambiguously grants the insurer priority to any recovery from the tortfeasor is valid and enforceable. Id. at 237-8.
This Court reaffirmed the above principle in Risner v. ErieIns. Co. (1993), 91 Ohio App.3d 695. In that case, Risner, the insured, was injured in an automobile accident. Risner had health insurance coverage through Erie Insurance Company ("Erie"). Erie subsequently advanced to Risner the policy limit, or approximately $12,168, for the payment of medical expenses. Risner filed suit against the tortfeasor, and the case was settled for $133,000. Risner then filed suit against Erie, alleging that she was entitled to keep the full $12,168 on the theory that an insurer may not be reimbursed pursuant to its subrogation rights unless the insured has been made whole from the tortfeasor for the insured's damages. Erie, however, maintained that it had a subrogation interest pursuant to the express language of the subrogation provision contained within the contract of insurance.
The subrogation provision at issue in the case gave Erie the unqualified right of subrogation to the entire amount paid to the insured pursuant to the insurance contract. In finding for the insurer, we focused on the express language of the subrogation agreement. On the basis of that language, we held that the right of an insured to retain the total sum recovered from a tortfeasor was not an unqualified right, even where the insured had not been fully compensated for his injuries and losses. Id. at 700.
Thus, under Ohio state law, a subrogation provision controls where clear language states that the participant's right to be made whole is superseded by the plan's right to subrogation. Having determined priority under Ohio state law, we will now turn to relative priority under federal common law.
 II. PRIORITY UNDER FEDERAL COMMON LAW
Farmland argues in its brief that construction of the insurance contract at issue in the present case is governed solely by federal common law. For the following reasons, we agree.
The Employment Retirement Income Security Act of 1974 ("ERISA") governs the establishment, operation, and administration of employee benefit plans, including those employer-established plans providing health care benefits to employees and their beneficiaries. 29 U.S.C. § 1001 et seq. Thus, the self-funded employee benefit plan at issue in the case herein is governed by ERISA.
It is a well-settled axiom that ERISA preempts state regulatory laws and common-law rules related to self-funded employee benefit plans. See Marshall v. Employers Health Ins. Co.
(6th Cir. Dec. 30, 1997), Case Nos. 96-6063 96-6112, Slip Op., unreported, WL 809997. We are also cognizant of the principle that federal common law can only be applied as a gap-filler where a clause or provision is found to be ambiguous or silent on a particular issue. Marshall, supra, at 3.
Where the language of an ERISA plan is silent or ambiguous as to subrogation rights, federal courts generally hold that the make-whole doctrine governs the parties' relative priorities in recovery from the tortfeasor. See Marshall, supra; Fenicle v.Michigan Livestock Exch. (N.D.Ohio Jan. 8, 1998), No. 3:96 CV 7183, unreported. Further, where a subrogation clause within an insurance plan is silent or ambiguous as to the issue of priority of payments, the make-whole doctrine likewise operates as a default rule in favor of the insured under federal common law principles. Marshall, supra at 3; Fenicle, supra. Thus, under federal common law, like Ohio state law, the insurer does not have a right of subrogation until the insured has been fully compensated, unless the subrogation provision itself clearly and unequivocally provides to the contrary.
We must now determine whether the subrogation clause at issue in the present case is ambiguous or silent as to the priority of payments. The subrogation clause states in pertinent part that "[t]he plan shall be subrogated * * * whether or not those monies are sufficient to make whole the Participant to whom this Plan made its payments."
The above language clearly states that the participant's right to be made whole is superseded by the plan's right to subrogation. Therefore, we find that the insurance contract requires subrogation, whether or not Stephen was made whole for his injuries and losses.
In conclusion, we find that the trial court did not err in granting Farmland's motion for summary judgment.[3]
Accordingly, Stephens' assignment of error is not well-taken and is overruled.
Judgment affirmed.
 WALTERS and SHAW, JJ., concur.
[1] Farmland is self-insured.
[2] At the time of the accident, Stephens did not have auto liability coverage, uninsured motorists coverage, or homeowner's coverage.
[3] Stephens also asserts in his brief that the "reimbursement agreement" contained within the insurance contract states that he was not obligated to reimburse Farmland until he was made whole. Stephens asserts that this provision creates an ambiguity as to the meaning and enforceability of the subrogation provision at issue in the present case. We do not agree. Reimbursement and subrogation are separate and distinct doctrines. "With subrogation, the insurer stands in the shoes of the insured. With reimbursement, the insurer has a direct right of repayment against the insured. As a matter of logic and case law, a party can have one right, but not the other." Marshall, supra, quoting ProvidentLife and Accident Ins. Co. v. Williams (W.D.Ark 1994),858 F. Supp. 907, 911. Because they are separate doctrines, it is possible to find a subrogation provision in a plan to be ambiguous, and a reimbursement provision in the same plan to be clear on its face.Marshall, supra, at 5. Thus, the make whole doctrine may apply to one provision, but not the other. Id. For these reasons, we find no merit to Stephens' claim.