LOGSDON, Appellant,

v.

OHIO NORTHERN UNIVERSITY et al., Appellees.

[Cite as *Logsdon v. Ohio Northern Univ.* (1990), 68 Ohio App.3d 190.]

Court of Appeals of Ohio,
Hardin County.

No. 6–88–3.

Decided June 22, 1990.

*Robert E. Cesner, Jr.,* for appellant.

*Vorys, Sater, Seymour & Pease, G. Ross Bridgman* and *Jonathan R. Vaughn,* for appellees.

---

REILLY, Presiding Judge.

This is an appeal from a judgment of the Hardin County Court of Common Pleas granting summary judgment for defendants.

Plaintiff filed a timely notice of appeal, asserting the following assignments of error:

"I. The trial court erred in granting a motion for summary judgment in favor of the defendants in this case.

"II. The record in this case is in error, for the reason that plaintiff-appellant has been charged approximately $1,000.00 as court costs upon the basis that this amount represents the cost of transcripts which were ordered by and paid for by defendants in this case."

Plaintiff was hired as an assistant professor at Ohio Northern University in 1981. The position was a tenure track appointment and plaintiff was granted two years' constructive credit which permitted him to apply for tenure following his fourth year of service at Ohio Northern. Thus, in 1984, plaintiff submitted an application for tenure.

Shortly thereafter, plaintiff was informed that the Promotion, Retention and Tenure Committee had recommended that tenure not be granted. Plaintiff promptly requested a written statement from the committee explaining why tenure had been denied. The committee responded, explaining that plaintiff's " * * * teaching services, scholarly activities, general services to the University, and efforts at professional growth [were not of] sufficiently high quality to justify the awarding of tenure."

The application was reviewed by Interim Dean Roger Young, who concurred with the conclusion reached by the committee. Plaintiff's application was further reviewed by the Vice President for Academic Affairs, Dale L. Wilhelm, who concluded that "[t]he available record reflects several favorable features of your service but does not warrant recommendation for tenure.

* * * " Plaintiff again requested a written explanation. In response, he received a letter similar to the one sent by the committee.

Plaintiff submitted additional materials in support of his application to Interim Dean Young in accordance with university procedure. The materials included a statistical breakdown of student evaluations of his teaching performance and particularly a statement of community service:

"I served as Clerk–Treasurer for the Village of Ada for two years. During my term in office, I detected and reported a major long running fraud involving bribes and kickbacks taken by village officials. This fraud was either not detected or detected and not reported by my predecessor as Clerk–Treasurer, who was Roger Young. * * * "

Former Clerk–Treasurer and now Interim Dean Roger Young, to whom these materials were directed, considered the foregoing statement to be an attack on his professional reputation. He rejected plaintiff's application for tenure, and also sent a note to Vice President Wilhelm expressing his "outrage" regarding plaintiff's allegations.

Vice President Wilhelm confirmed that tenure would not be granted and responded to plaintiff's third request for a written explanation. Plaintiff pursued an additional avenue of appeal by resorting to the Undergraduate Faculty Promotion and Tenure Appeals Committee. In a unanimous decision, this committee also rejected plaintiff's application for tenure. Finally, the President of the University, DeBow Freed, recommended to the Board of Trustees that plaintiff be denied tenure.

The appeal procedure having been completed, plaintiff was granted a terminal contract for the 1985–1986 academic year. Plaintiff filed suit alleging that he had been wrongfully denied tenure and that he had sustained damages to his professional reputation. The complaint included a prayer for relief in the amount of $125,000.

Plaintiff named as defendants Ohio Northern University, the five individual members of the Promotion, Retention and Tenure Committee, Interim Dean Roger Young (both personally and in his official capacity), Vice President Dale Wilhelm, President DeBow Freed and the University Board of Trustees. The complaint also named a non-university-affiliated defendant, James Meyer, but he was subsequently dismissed by agreement of the parties. Depositions were taken from most of the foregoing defendants, as well as plaintiff. Although the parties repeatedly refer to these depositions throughout their briefs, it is important to note the limited state of the record upon which this court must render its decision. Only four depositions were, in fact, filed with the trial court.

■ In support of the motion for summary judgment, defendants offered the deposition of Robert Logsdon. The deposition was accompanied by a number of exhibits, illustrating the written correspondence between plaintiff and the various defendants. The court notes that the exhibits were not verified by affidavit as required by Civ.R. 56(E); however, as neither party disputes their authenticity, any technical error is non-prejudicial. *Knowlton Co. v. Knowlton* (1983), 10 Ohio App.3d 82, 87, 10 OBR 104, 109, 460 N.E.2d 632, 637.

■ Plaintiff, in opposing the motion for summary judgment, offered the depositions of President Freed, Vice President Wilhelm and Interim Dean Young. The depositions of Young and Wilhelm were apparently incomplete as they indicated that further testimony was taken but was not filed with the court. Plaintiff also submitted the affidavit of Robert Logsdon and a letter from one Jim Sziget concerning the preliminary examination of certain handwriting exemplars. As this letter is not proper evidence in a motion for summary judgment and further constitutes hearsay, it will not be considered by this court. See Civ.R. 56; *Spier v. American Univ. of the Caribbean* (1981), 3 Ohio App.3d 28, 3 OBR 29, 443 N.E.2d 1021.

The trial court entered summary judgment in favor of defendants, stating that:

"[Defendants] are entitled to judgment as a matter of law, as when considering the evidence most strongly in favor of the Plaintiff reasonable minds can come but to one conclusion and that conclusion is adverse to the Plaintiff."

It cannot be determined from the trial court's decision the specific reasons summary judgment was granted. Hence, this court will scrutinize each of the five counts in the complaint, along with the other parts of the record.

A court will not sustain a motion for summary judgment unless, when the evidence is construed most strongly in favor of the non-moving party, " * * * reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *." Civ.R. 56(C). See, also, *Norris v. Ohio Standard Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1, 433 N.E.2d 615, 616.

Counts I and II of the complaint allege that defendants breached the contract with plaintiff. It is noteworthy that plaintiff does not allege wrongful termination of employment. Plaintiff had a one-year contract with defendants for which he was compensated upon completion. Instead, plaintiff claims he was wrongfully denied tenure and that this denial was a result of defendants' breach of plaintiff's contract of employment.

In Count I of the complaint, plaintiff alleges that the faculty handbook was part of his contract with the university and that Section 2.2 guarantees a faculty member the right of free expression. Plaintiff contends that he was denied tenure as a result of his cooperation with state and federal officials in their investigation into possible fraud, bribery and kickbacks involving the village of Ada. In his affidavit, plaintiff alleges that he was Clerk–Treasurer of the village of Ada and that he discovered the existence of fraudulent activity which had occurred under the previous Clerk–Treasurer, Roger Young. Plaintiff stated that he told Young about this investigation and that Young became very angry and advised him to terminate the investigation. Plaintiff maintains that the denial of tenure was a direct result of this investigation.

As the court is unable to determine from the state of the record whether the faculty handbook was incorporated into the contract, we will assume that it was incorporated. Even so, plaintiff is unable to establish its breach.

 "In order for an individual to recover on a contract cause of action, it is necessary to show that that individual has been damaged by a breach of contract. * * * " *Munoz v. Flower Hosp.* (1985), 30 Ohio App.3d 162, 168, 30 OBR 303, 309, 507 N.E.2d 360, 366. Plaintiff must show that had Interim Dean Young not been predisposed and biased toward his application for tenure, plaintiff would have in fact received tenure. Construing the evidence most favorably toward plaintiff, the non-moving party, we must assume that Young did in fact hold such a bias or predisposition. The record, however, indicates that Vice President Wilhelm and President Freed had no knowledge of plaintiff's difficulties with Interim Dean Young and that they made their evaluation independently based on the merits of the application. Moreover, plaintiff admitted that he had no information which would lead him to believe that the Promotion, Retention and Tenure Committee, Vice President Wilhelm or President Freed considered his outside activities in making their determination. Finally, Vice President Wilhelm did not receive Interim Dean Young's note until after he had recommended against an offer of tenure.

The record indicates that the committee, Wilhelm and Freed denied plaintiff tenure on the merits of his application without any knowledge or consideration of plaintiff's activities as clerk-treasurer. Plaintiff has offered no evidence that Interim Dean Young was responsible for the denial of tenure. Presented with such evidence in a motion for summary judgment, plaintiff may not rest on the allegations of his complaint.

 Plaintiff must show that he was denied tenure as a result of Interim Dean Young's alleged bias or prejudice. Plaintiff may properly be denied tenure if even the president alone opposed the offer in the face of positive

recommendations from those below him in the review process. *Omlor v. Cleveland State Univ.* (1989), 45 Ohio St.3d 187, 543 N.E.2d 1238. In any event, plaintiff has failed to show that President Freed or any other participant in the review process was influenced by Interim Dean Young's alleged bias.

Plaintiff does not present anyone involved in the review process who was favorably disposed to his application for tenure. Nor could any reasonable person infer from these facts, construing them most strongly for plaintiff, that Interim Dean Young's alleged bias would likely influence the twelve other professionals involved in the review process.

The depositions reveal no genuine issue of material fact. Plaintiff has offered nothing more than the unsupported allegations of the pleadings as a basis for his contention that Interim Dean Young's alleged bias was responsible for his failure to achieve tenured status. Upon review of the evidence, reasonable minds can come to but one conclusion and that conclusion is that plaintiff did not qualify for tenure in the judgment of the university officials responsible for the decision.

In the second count of the complaint, plaintiff maintains that defendants breached his contract of employment by not providing him with a written statement of reasons for the denial of tenure as required by Section 2.4(g) of the faculty handbook. Plaintiff was not prejudiced by a breach by defendants in this regard. Plaintiff is not entitled to damages for a mere breach of the contract, but for injuries resulting thereon. Moreover, it is clear from the record that defendants provided an explanation whenever plaintiff requested one. As this fact is uncontroverted, defendants did not breach this part of the contract.

In the third count, plaintiff alleges that Roger Young tortiously interfered with plaintiff's contract with the university. As discussed above, the evidence indicates that Interim Dean Young did not influence the outcome of the tenure process. Plaintiff presented no evidence to the contrary and admitted that he had no information to that effect.

In its fourth count, the complaint alleges that defendants fraudulently misrepresented the true reason for the denial of tenure. This claim is without merit. In order to establish a cause of action in fraud, plaintiff must show justifiable reliance on the misrepresentation and proximately resulting injury. *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709, 711. As plaintiff can show neither reliance nor resulting injury, Count IV is not well taken.

 Plaintiff's reliance on constitutional due process is also without merit. Because the Fourteenth Amendment is directed at the states, it can only be violated by conduct that may be fairly characterized as "state action." *Lugar v. Edmondson Oil Co., Inc.* (1982), 457 U.S. 922, 923, 102 S.Ct. 2744, 2746, 73 L.Ed.2d 482, 486. The Fourteenth Amendment consequently is no shield against private conduct however discriminatory or wrongful. *Jackson v. Metropolitan Edison Co.* (1974), 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477. Where the state is not a party, as is the case here, state action may be established by a showing that state assistance or regulation caused or contributed to plaintiff's damages. As the denial of tenure was not related to the state's limited involvement, such as financial aid programs, state action cannot be established. *Madon v. Long Island Univ.* (E.D.N.Y.1981), 518 F.Supp. 246, affirmed (C.A.2, 1981), 681 F.2d 802, certiorari denied (1982), 459 U.S. 844, 103 S.Ct. 97, 74 L.Ed.2d 88.

 The right of due process applies only to constitutionally protected rights of life, liberty or property. While a tenured faculty member may have a property right, a nontenured faculty member has no entitlement to tenure and no constitutionally protected property right where the university has an established formal tenure system. *Omlor v. Cleveland State Univ., supra.*

There are no disputed issues of fact material to the resolution of this case. Construing the evidence most strongly in favor of the non-moving party, reasonable minds can come to only one conclusion and that conclusion is adverse to plaintiff. Summary judgment was appropriately entered as a matter of law.

The first assignment of error is not well taken.

In the second assignment of error, plaintiff maintains that the trial court erred in assessing $1,000 of court costs against plaintiff for a number of deposition transcripts. The record contains a letter written by counsel for defendant to the Clerk of Courts of Hardin County stating that "defendants [have] paid all court reporting costs attributable to this proceeding and agree that they should not be taxed as costs to Mr. Logsdon." Further, defendants have not addressed this issue in their briefs to this court and apparently concede the matter.

Hence, we accept plaintiff's statement of the facts concerning the assessment of court costs as correct. See App.R. 18(C).

The second assignment of error is well taken.

For the foregoing reasons, plaintiff's first assignment of error is overruled, and the second assignment of error is sustained. The judgment of the trial

court is modified, and the cause is remanded to correct the judgment to show that the costs have been paid by defendants.

*Judgment affirmed as modified and cause remanded.*

WHITESIDE and YOUNG, JJ., concur.

ARCHER E. REILLY, P.J., ALBA L. WHITESIDE and JOHN C. YOUNG, JJ., of the Tenth Appellate District, sitting by assignment.