OPINION
This timely appeal arises from the judgment and decree of foreclosure of the Harrison County Court of Common Pleas against property owned by Appellants, Steve and Glenna Smith. For the following reasons, we affirm the decision of the trial court.
Appellee, the Treasurer for Harrison County, Ohio, filed a foreclosure action for delinquent real estate taxes against numerous properties including a parcel owned by Appellants. Subsequent to Appellants' answer, Appellee filed a motion for summary judgment and attached a computer printout (hereinafter, printout) showing the taxes owed on Appellants' property. Appellee did not submit an affidavit to authenticate the printout. Appellants responded to the motion for summary judgment stating that a general issue of material fact existed, but without raising any factual issue anywhere within their motion. Appellants also moved to strike the printout as not properly authenticated and violative of Civ.R. 56 (C). Appellants did not submit any evidence or affidavits opposing Appellee's motion for summary judgment.
In a judgment entry and decree in foreclosure filed on November 13, 1996, the trial court overruled Appellants' motion to strike and granted summary judgment for Appellee. Appellants filed their notice of appeal on November 22, 1996.
Appellants first assignment of error alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW IN DENYING MOTION TO STRIKE A COMPUTER PRINTOUT WHEN IT WAS NOT PROPERLY AUTHENTICATED EVIDENCE."
Appellants argue that the trial court, in reaching its decision, erroneously considered the printout which was not properly authenticated pursuant to Civ.R. 56. Appellants argue that the introduction of evidence not authorized by Civ.R. 56 (C) must be accompanied by an affidavit pursuant to Civ.R. 56 (E).Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220,222. Appellants also argue that papers referred to in the affidavit must be attached thereto with a statement that the papers are true copies or reproductions. State ex rel. Corrigan v.Seminatore (1981), 66 Ohio St.2d 459, 467. Finally, Appellants argue that, "[d]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." Mitchell v. Ross
(1984), 14 Ohio App.3d 75, 75.
Appellants conclude that the trial court improperly overruled their motion to strike the printout indicating the amount of taxes owing on Appellants' property.
Appellee responds that even assuming arguendo that he should have submitted an affidavit, the trial court would still have denied Appellants' motion to strike as the admission of the printout would be harmless error pursuant to Civ.R. 61. Appellee notes that Appellants offered no proof that the printout was unreliable, untrustworthy or inaccurate. In essence, Appellee argues that Appellants opposed the consideration of the printout on procedural rather than substantive grounds.
Neither Appellants nor Appellee recite the proper standard of review on this assignment of error. A trial court's decision to grant or overrule a motion to strike is within its sound discretion and will not be overturned on appeal absent a showing of abuse of discretion. Riley v. Langer (1994), 95 Ohio App.3d 151,157. An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219; Steiner v. Custer (1940), 137 Ohio St. 448. The trial court's action, "* * * must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. Hair Surgeon, Inc. (1985)19 Ohio St.3d 83, 87 quoting State v. Jenkins (1984), 15 Ohio St.3d 164,222.
In the present case, the trial court's November 13, 1996, judgment entry clearly indicates that the court considered Appellants' motion to strike in light of Civ.R. 56. Appellants allege only that the trial court's decision was contrary Civ.R. 56. Civ.R. 56 which reads in part:
"(C) Motion and proceedings
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
"* * *
"(E) Form of affidavits * * *
 "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."
Appellants are correct in stating that the trial court erred when considering unverified documents in conjunction with Appellee's motion for summary judgment. Civ.R. 56; Interntl. Bhd.of Elec. Workers v. Smith (1992), 76 Ohio App.3d 652, 660. However, this misapplication of the law does not demonstrate reversible error as it is well established that an error of law or judgment does not constitute an abuse of discretion. Blakemorev. Blakemore, supra; Steiner v. Custer, supra.
The trial court's erroneous application of the law constitutes harmless error which may not be a basis for reversal. Civ.R. 61; App.R. 12 (B). In Knowlton Co. v. Knowlton (1983) 10 Ohio App.3d 82,87; reversed on other grounds, Knowlton Co. v. Knowlton
(1992), 63 Ohio St.3d 677, the Supreme Court held that failure to authenticate documents where, "* * * there is no suggestion that the documents involved are not authentic or that the result would be different if the documents were properly authenticated," did not prejudice the appellant.
The decision in Knowlton has been followed by other courts. InLogsdon v. Ohio Northern Univ. (1990), 68 Ohio App.3d 190, the appellees did not verify exhibits to a summary judgment motion in violation of Civ.R. 56 (E). Id., 194. The court cited Knowlton when it stated that, " * * * as neither party disputes [the evidence's] authenticity, any technical error is non-prejudicial."Logsdon, 194.
In Interntl. Bhd. of Elec. Workers v. Smith, supra, the court also applied the holding in Knowlton. In Smith, the appellant argued that unauthenticated exhibits to a motion for summary judgment violated Civ.R. 56. Appellant did not otherwise dispute the authenticity of the documents. Id., 656. The court of appeals ruled that although the trial court erred technically in considering the unverified exhibits, such error was not prejudicial. Id., 660. The Smith court specifically noted that the appellant did not challenge that the documents were not, "true and correct copies of the originals." Id.
In the present case, Appellants' based their motion to strike the printout solely on the fact that Appellee did not meet the procedural requirement of supporting the document with an affidavit. Although Appellants argued that the printout was, "not authenticated in any manner," they did not contend that the contents of the printout itself were not authentic. Further, Appellants' use of, "in any manner," indicates a challenge to a procedural requirement rather than a challenge to the document's authenticity. Appellants' argument on appeal does not include a challenge to the printout's authenticity. As in their motion to strike, Appellants' assignment on appeal focuses on Appellee's failure to meet procedural requirements. In addition, Appellants make no argument that a different result would have occurred had the printout been properly supported by an affidavit.
Appellant has not demonstrated, nor do we find, any abuse of discretion by the trial court. The trial court's decision was not unreasonable, arbitrary or unconscionable. For the foregoing reasons, we find that Appellants' first assignment of error lacks merit.
Appellants' second assignment of error alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING MOTION FOR SUMMARY JUDGMENT."
Appellants argue that the lower court's decision was contrary to Civ.R. 56 (E). Appellants note that the trial court stated that they did not provide an affidavit to oppose Appellee's motion and that this was tantamount to relying on their pleadings. According to Appellants, the Civ.R. 56 (E) requirement that an opponent to summary judgement may not rest upon the pleadings is conditioned upon the moving party's properly supported documents submitted for consideration on the motion. Appellants argue that until or unless the movant has supplied the court with evidence to support the motion, a non-moving party has no burden to provide opposing evidence. Pond v. Carey Corp.
(1986), 34 Ohio App.3d 109, 112; Keister v. Park Central Lanes
(1981), 3 Ohio App.3d 19, 23.
Appellants conclude, consistent with their argument in their first assignment of error, that there was no authenticated evidence for the trial court to decide that Appellants owed any delinquent taxes and, if so, in what amount.
In response, Appellee essentially argues that the court did not err in granting summary judgment against Appellants since it was harmless error for the court to consider the printout. Appellee reiterates that Appellants' failure to attack the authenticity of the evidence on which the trial court based its decision results in harmless error as no substantial right of the Appellants has been affected. Knor v. Parking Co. of Am. (1991), 73 Ohio App.3d 177,189.
When reviewing a motion for summary judgment, an appellate court must review the judgment independently with no deference given to the trial court's decision. Bell v. Horton (1996),113 Ohio App.3d 363, 365. In addition, summary judgment under Civ.R. 56 is proper when:
 "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346, quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
Appellants' argument here is dependent on our determination of their first assignment of error. Appellants assume that it was improper for the trial court to consider the printout in ruling on Appellee's motion for summary judgment. However, as we have already determined, it was not an abuse of discretion nor prejudicial error for the trial court to consider the printout. Appellants raised only a procedural challenge to the document's consideration by the trial court. Therefore, Appellants cannot argue that there was no documentary basis for granting summary judgment.
Appellee presented a computer printout stating the amount of delinquent taxes owed on Appellants' property. Appellants offered no evidence or statement to controvert Appellee's claim. Appellants at no time present within their motion in opposition any disputed issue of fact. At no time, according to the record before us, have Appellants challenged that they owe taxes in the amount and manner demonstrated by Appellee's exhibit. Based on the record before the Court, one can only conclude that the taxes as claimed are owed on the property and that Appellee is entitled to judgment as a matter of law.
For the foregoing reasons, Appellants' second assignment of error lacks merit. Accordingly, we affirm the judgment and order of the trial court.
COX, P.J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE