I respectfully dissent. I believe that in order for appellant's claim to survive, it is reasonable to require appellant to allege some actual economic loss that would be compensable under a breach of contract action. This view is espoused in Textron Financial Corp. v. NationwideMut. Ins. Co. (1996), 115 Ohio App.3d 137, 684 N.E.2d 1261 and inHackathorn v. Springfield Local School District (1994), 94 Ohio App.3d 319,640 N.E.2d 882. These cases set forth the requirement that actual damages must be proven in a breach of contract claim. In Textron,115 Ohio App.3d at 144, 684 N.E.2d at 1266, the court wrote:
 "'Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non breaching partv suffered damages as a result of the breach'. (Citations omitted; emphasis added.) Garafalo v. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 108, 661 N.E.2d 218, 226. A claimant seeking to recover for breach of contract must show damage as a result of the breach. Metro. Life Ins. Co. v. Triskett Illinois, Inc. (1994), 97 Ohio App.3d 228, 235 646 N.E.2d 528, 532; Logsdon v. Ohio N. Univ. (1990), 68 Ohio App.3d 190, 195, 587 N.E.2d 942, 946. Damages are not awarded for a mere breach of contract; the amount of damages awarded must correspond to injuries resulting from the breach.
 'As a general rule, an injured party cannot recover damages for breach of contract beyond the amount that is established by the evidence with reasonable certainty, and generally, courts have required greater certainty in the proof of damages for breach of contract than in tort.' Rhodes v. Rhodes Indust., Inc. (1991), 71 Ohio App.3d 797, 808-809, 595 N.E.2d 441, 448. The damages awarded for a breach of contract should place the injured party in as good a position as it would have been in but for the breach. Such compensatory damages, often termed 'exception damages,' are limited to actual loss, which loss must be established with reasonable certainty. Doner v. Snapp (1994), 98 Ohio App.3d 597, 601, 649 N.E.2d 42, 44.
Thus, in order for appellant's claim to survive in the case subjudice, it is reasonable to require that appellant must allege some actual economic loss that would be compensable under a breach of contract claim. Appellant has suffered no such loss. Accordingly, I would affirm the trial court's judgment. Furthermore, I am hopeful that the Ohio Supreme Court will revisit and refine their holding in First Natl. Bankof Barnsville v. Western Union Telegraph Co. (1876), 30 Ohio St. 555.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J.: Concurs in Judgment Only Abele, J.: Dissents With Attached Dissenting Opinion
 ________________________ William H. Harsha, Judge