JOURNAL ENTRY and OPINION
Plaintiff-appellant Brenda Harper McIntosh appeals from the trial court's granting summary judgment in favor of defendant appellee Cuyahoga Metropolitan Housing Authority ("CMHA"). We find no error and affirm the trial court's judgment.
On October 29, 1990, McIntosh was hired by the CMHA Executive Director, Claire Freeman-McCown, as part of CMHA's executive level staff. According to McIntosh, Freeman-McCown told her that the position was permanent as long as she performed satisfactorily. Prior to being hired, McIntosh worked for the U.S. Department of Housing and Urban Development ("HUD") in Washington, D.C. and had job security in that position, which made her hesitant to leave. Freeman-McCown recruited her to fill the CMHA position.
On June 12, 1998, the CMHA legal counsel verbally informed McIntosh of her termination. He gave her a letter, signed by the Acting Director of Human Resources, informing her that the reason for her termination was that her position was being "eliminated." According to McIntosh, at the time of her termination, there were vacant positions available for which she was qualified, but she was not offered any of them.
On May 11, 2000, McIntosh filed a complaint against CMHA alleging claims for wrongful termination, breach of express and implied contract, and promissory estoppel. Both parties filed motions for summary judgment, and on February 8, 2001, the trial court granted CMHA's motion for summary judgment in a five-page opinion.[1]
McIntosh appeals and raises five assignments of error. We will address the assignments of error out of order.
 IV. NO ADMINISTRATIVE REMEDIES WERE AVAILABLE TO PLAINTIFF-APPELLANT.
The failure to exhaust administrative remedies constitutes an affirmative defense to the complaint. Johnson v. Wilkinson (1992),84 Ohio App.3d 509, 515. CMHA raised the defense in both its answer to the complaint and its motion for summary judgment.
The policies behind the exhaustion doctrine were explained in Nemazeev. Mt. Sinai Medical Center (1990), 56 Ohio St.3d 109, 111, as follows:
 "Exhaustion of [administrative remedies] is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." Weinberger v. Salfi (1975), 422 U.S. 749, 765 [95 S.Ct. 2457, 2467, 45 L.Ed.2d 522]. The purpose "* * * is to permit an administrative agency to apply its special expertise * * * and in developing a factual record without premature judicial intervention.' Southern Ohio Coal Co. v. Donovan (C.A. 6, 1985), 774 F.2d 693, 702."
As explained by this court in The Salvation Army v. Blue Crossand Blue Shield of Northern Ohio (1993), 92 Ohio App.3d 571, 577:
 [t]he doctrine is a court-made rule of judicial economy that allows the agency to function efficiently and to afford it an opportunity to correct its own errors while benefitting the parties and the courts by virtue of the agency's experience and expertise. In this way, a record adequate for judicial review will be compiled.
Administrative Order #11, which consists of the personnel policy of CMHA as adopted by the CMHA Board of Commissioners, provided a two-step grievance procedure in Part II, Section XVII, for hearing employee disputes. McIntosh claims that the grievance procedure did not apply to CMHA employees who were terminated due to a reduction in the work force.
According to McIntosh, this grievance procedure was only available to employees who were "dismissed" as defined under Administrative Order #11, Section XVI(D)(2). This section governs the dismissal of employees for unsatisfactory work and specifically states that an employee who has been "dismissed" for one of the reasons under that section has the right to a hearing as described in the grievance section of the administrative order.
McIntosh argues that in comparison, Section XVI(D)(4) of the Administrative Order, which refers to employees who have been terminated due to a reduction in force, makes no reference to a grievance procedure. She concludes that, since the grievance procedure did not apply to her circumstances, she did not have any administrative remedy available to her that she must exhaust before resorting to filing a complaint in court.
Although McIntosh is correct that there is no reference to the grievance procedure under the section referring to employees terminated due to a reduction in force, Administrative Order #11, Part II, Section XVII, Grievances, states in pertinent part as follows:
 Any employee shall call to CMHA's attention, actions by CMHA or its employees affecting him/her by way of Grievance Procedure. Specific grievance procedures outlined in this Administrative Order apply to non-bargaining unit employees only. Bargaining unit employees are covered by the collective bargaining agreements between their union and CMHA. * * *. (Emphasis added).
This section is mandatory as the word "shall" is used, and it also appears to apply to any grievance a non-union employee may have. It does not refer only to those employees dismissed based on unsatisfactory performance. Therefore, according to the Administrative Order, McIntosh should have attempted to resolve her claims by using the grievance procedure as outlined in the Administrative Order instead of immediately filing her complaint in the court of common pleas.
An exception to the exhaustion of remedies rule is if there is no administrative remedy available which can provide the sought after relief, or if pursuing administrative remedies would be wholly futile. In that case, exhaustion is not required. Karches v. Cincinnati (1988),38 Ohio St.3d 12, 17.
We do not find that filing a grievance would have been a futile exercise for McIntosh. Although she argues that Section XVI(D)(4) gives CMHA complete discretion in determining which employees are affected by a reduction in the work force, she is not disputing the decision to eliminate her position. Her contention is that she should have been offered another available position with CMHA. Her claim that she was entitled to another position is precisely the type of employee dispute that is appropriately resolved by filing a grievance.
McIntosh's claim that she was terminated by general counsel, who did not possess the requisite authority, is also an appropriate issue that could have been resolved by filing a grievance.
McIntosh also claims that filing a grievance would have been futile based on the fact that a co-worker, Bobbie Cox Harrison, whose position was also eliminated, attempted to file a grievance and was not permitted to do so. According to Harrison's deposition testimony, she was informed by Rick Milton, the CMHA Personnel Specialist, that the grievance procedure only applied to "labor people" and not management level employees. We find that this deposition testimony constitutes hearsay and cannot be considered in determining summary judgment. Lodgsdon v. OhioNo. Univ. (1990), 68 Ohio App.3d 190, 194.
Since we find that McIntosh failed to exhaust her administrative remedies and that such an exhaustion would not have been futile, we affirm the trial court's judgment granting summary judgment in favor of CMHA.
 I. WHEN REVIEWING A MOTION FOR SUMMARY JUDGMENT, IT IS REVERSIBLE ERROR FOR THE TRIAL COURT TO PERMIT HIS RULINGS OF LAW TO BE INFLUENCED BY HIS PERSONAL OPINION OF THE CREDIBILITY OF THE SWORN TESTIMONY OF A MATERIAL WITNESS OFFERED IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT.
 II. WHERE THE EXECUTIVE DIRECTOR OF A PUBLIC HOUSING AUTHORITY, ACTING WITHIN HER ACTUAL AND APPARENT AUTHORITY, PROMISES A PROSPECTIVE MANAGEMENT-LEVEL EMPLOYEE CONTINUING EMPLOYMENT SO LONG AS SHE PERFORMS SATISFACTORILY, AND WHERE THAT PROSPECTIVE EMPLOYEE, IN ACCEPTING EMPLOYMENT, REASONABLY RELIES TO HER DETRIMENT ON THAT PROMISE AND PERFORMS SATISFACTORILY OR BETTER THEREAFTER, THE PUBLIC HOUSING AUTHORITY IS THEREBY ESTOPPED BY ITS PROMISE FROM TERMINATING THE EMPLOYMENT OF THAT EMPLOYEE.
 III. WHERE THE BOARD OF DIRECTORS OF A PUBLIC HOUSING AUTHORITY DOES NOT HAVE THE POWER TO TERMINATE THE EMPLOYMENT OF ANY EMPLOYEE, OTHER THAN THE EXECUTIVE DIRECTOR, AND WHERE AN ATTORNEY-REPRESENTATIVE OF THE BOARD OF DIRECTORS TERMINATES THE EMPLOYMENT OF A MANAGEMENT-LEVEL EMPLOYEE, IN BREACH OF PROMISE, CONTRARY TO THE PUBLIC HOUSING AUTHORITY'S POLICY AND GUIDELINES, AND FALSELY MISREPRESENTS TO THE EMPLOYEE AND TO THE INTERIM EXECUTIVE DIRECTOR THAT HE IS ACTING PURSUANT TO THE MANDATE OF THE BOARD OF DIRECTORS, THE TERMINATION OF THAT EMPLOYEE IS IN BREACH OF PROMISE AND CONTRARY TO LAW.
Given our disposition above, these assignments of error are moot. App.R. 12(A)(1)(c).
Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and TERRENCE O'DONNELL, J. CONCUR
[1] Although the trial court only ruled on McIntosh's claims for promissory estoppel and wrongful termination, we find that McIntosh's remaining claims for breach of an implied and express contract became moot once the trial court held that the hiring executive director had no authority to bind CMHA by unauthorized promises of permanent employment. Therefore, the appeal is a final order. Wise v. Gursky (1981),66 Ohio St.2d 241, syllabus.