OPINION *Page 2 
{¶ 1} Defendant-appellant, Francis E. Grieshop (hereinafter "Grieshop"), pro se, appeals the judgment of the Auglaize County Court of Common Pleas denying his "motion to vacate a void judgment."[1] For the reasons that follow, we affirm.
 {¶ 2} On June 16, 2006, Palisades Collections, LLC (hereinafter "Palisades") filed a complaint in the trial court alleging that it had acquired title and interest in claims against Grieshop in the amount of $27, 536.06.
 {¶ 3} On August 14, 2006, Palisades filed a motion for default judgment. In its August 17, 2006 judgment entry, the trial court found that the allegations in Palisades' complaint were true and rendered judgment in favor of Palisades and against Grieshop in the sum of $27,536.06, with interest as allowed by law, plus costs.
 {¶ 4} On February 21, 2007, Grieshop filed a "motion to vacate a void judgment." The trial court held a hearing on the motion. Thereafter, the trial court denied Grieshop's motion.
 {¶ 5} It is from this judgment that Grieshop appeals. Before addressing the merits of this case, we must first address a procedural error. In his appellate *Page 3 
brief, Grieshop failed to state any specific assignments of error as required under App.R. 16(A)(3). Instead, Grieshop merely listed underlined arguments in his brief.
 {¶ 6} "An appellate court must determine an appeal based on the `assignments of error set forth in the briefs.'" CountrymarkCooperative, Inc. v. Smith (1997), 124 Ohio App.3d 159, 163,705 N.E.2d 738, citing App.R. 12(A)(1)(b). Although Grieshop, acting pro se, has failed to state specific assignments of error as required under the appellate rules, this court will, in the interests of justice, treat Grieshop's underlined arguments as if those arguments were assignments of error.
 {¶ 7} For clarity of analysis, we will address Grieshop's arguments out of the order presented in his brief, and will combine his first, third, and fourth assignments of error.
 ASSIGNMENT OF ERROR NO. I The court was deprived of subject matter jurisdiction for reason of [sic] violation of a defendant's due process rights.
 ASSIGNMENT OF ERROR NO. III The Ohio district court wants judicial discretion to refuse to vacate a void judgment. *Page 4 
 ASSIGNMENT OF ERROR NO. IV Parties who enforce a void judgment have committed criminal trespass.
 {¶ 8} In his first assignment of error, Grieshop argues that Palisades was not able to verify that it had observed the due process rights of Grieshop, and further, that the trial court lacked subject matter jurisdiction because of those due process violations.
 {¶ 9} We interpret Grieshop's third and fourth assignments of error as arguing that the trial court's judgment is void since the trial court lacked jurisdiction and that the trial court erred by refusing to vacate a void judgment. Further, Grieshop argues that since the trial court knew the judgment was void and unenforceable, the trial court committed criminal trespass.
 {¶ 10} Under R.C. 2305.01, "the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *." Emphasis added. The present case involved a civil action, and thus, the common pleas court had original jurisdiction.
 {¶ 11} Grieshop argues that the trial court lacked jurisdiction due to Palisades' inability to verify that it had observed his due process rights. However, *Page 5 
due process under the Fourteenth Amendment "can only be violated by conduct that may be fairly characterized as `state action.'" Logsdon v.Ohio Northern Univ. (1990), 68 Ohio App.3d 190, 197, 587 N.E.2d 942, citing Lugar v. Edmonson Oil Co. Inc. (1982), 457 U.S. 922,102 S.Ct. 2744, 73 L.Ed.2d 482.
 {¶ 12} There was no state action involved in the present case. Thus, Palisades' action or inaction did not violate Grieshop's due process rights or affect the trial court's jurisdiction.
 {¶ 13} Accordingly, we find that the trial court had subject matter jurisdiction. Since we find that the trial court had subject matter jurisdiction, we find no merit to Grieshop's argument that the trial court's judgment was void due to the trial court's lack of jurisdiction. Furthermore, since we have found that the trial court's judgment is not void, we will not address Grieshop's argument that the trial court committed criminal trespass by enforcing a void judgment.
 ASSIGNMENT OF ERROR NO. II Even in a default judgment, plaintiff must prove claim of damages.
 {¶ 14} In Grieshop's second assignment of error, he argues that even in a default judgment damages must be proven by evidence entered in the record. Grieshop argues that Palisades made no attempt to prove its claim, and the trial court did not require either verification or validation of the claim. *Page 6 
 {¶ 15} Default judgment is governed by Civ.R. 55, which provides:
 (A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * * . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
Emphasis added.
 {¶ 16} The trial court has discretion to decide whether to hold a hearing regarding damages pursuant to Civ.R. 55(A). K. Ronald Bailey Assoc. v. Soltesz, 6th Dist. No. E-05-077, 2006-Ohio-2489, ¶ 16, citations omitted; Christian v. Hobby (Aug. 14, 1996), 3d Dist. No. 8-96-2, at *2, citing Buckeye Supply Co. v. Northeast Drilling Co.
(1985), 24 Ohio App.3d 134; Civ.R. 55(A). "Proof of damages is required before a default judgment may be granted in an action founded upon negligence; however, no such proof is necessary to support a liquidated damage claim based upon an account such as was alleged here."Buckeye Supply Co., 24 Ohio App.3d at 136, citations omitted.
 {¶ 17} In the present case, Palisades filed its complaint against Grieshop on June 16, 2006, and filed its motion for default judgment on August 14, 2006. The *Page 7 
trial court granted the default judgment and awarded damages in the amount of $27,536.06. Grieshop failed to file any pleading in the case prior to the trial court granting default judgment and awarding damages.
 {¶ 18} The affidavit attached to Palisades' complaint averred the amount of money due and the amount of damages was ascertainable. Accordingly, we hold that the trial court did not err when it awarded damages on the default judgment without first holding a hearing.
 {¶ 19} Grieshop's second assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, J.J., concur.
[1] The appellant's first name is spelled two different ways in the record before this court, thus, we will use the spelling provided in the appellant's brief. In addition, the record uses both masculine and feminine pronouns in referring to the appellant; thus, to be consistent, we choose to use the masculine pronoun. *Page 1