[Cite as *In re Ball*, 2012-Ohio-2095.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY  COUNTY

IN RE:                                          :
                                                :         Appellate Case No. 24786
    Forfeiture of Property of:              :
                                                :         Trial Court Case No. 11-CV-3947
    FERNANDO BALL, et al.                   :
                                                :         (Civil Appeal from
                                                :          Common Pleas Court
                                                :
                                                :
                                        . . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of May, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MAUREEN C. YUHAS, Atty. Reg. #0037361, 301 West Third
Street, Post Office Box 972, Dayton, Ohio 45422
      Attorney for Petitioner-Appellee

FERNANDO BALL, 152 Cromwell Place, Apartment 1, Dayton, Ohio 45405
      Respondent-Appellee, *pro se*

JOHN HILL, 150 Westwood Avenue, Dayton, Ohio 45417
      Respondent-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

## I.  Introduction

{¶ 1}     Respondent-appellant John Hill appeals, pro se, from a default judgment

ordering forfeiture of $806 in currency seized from Hill.  Hill contends that the trial court

erred in granting default judgment in favor of petitioner-appellee State of Ohio.

{¶ 2}    We conclude that the trial court did not abuse its discretion in granting a default judgment.   After being served with the complaint and summons, Hill failed to timely file either an answer or a motion for extension of time to answer the complaint.   Accordingly, the judgment of the trial court is Affirmed.

## II.   Facts and Discussion

{¶ 3}    Hill has not presented a specific assignment of error in his brief.   We glean from his brief that his assignment of error is that the trial court erred in ordering a default judgment of forfeiture.   In his brief, Hill contends that he was visiting with a friend, Fernando Ball, when Ball's home was raided by the police.   Hill was not arrested, but was searched. The police found $806 in Hill's pocket, and seized it.   Hill explained to the police that he had just been paid the day before, and had his pay stub in his pocket.   Nonetheless, the police took the money.   Hill was subsequently informed that the police were keeping the money because they "had a case against" Ball.   Although Hill attempted to recover his money from the police, he was unsuccessful.

{¶ 4}    The State of Ohio filed a forfeiture action on June 2, 2011, against Ball, Hill, and another individual named John Williams.   The State contended that the sum of $806, along with two other sums of money, was contraband, proceeds, and or an instrumentality with a relationship to the underlying case, and was also possessed, concealed, or transported by its owners, who were described as "John Hill and/or Billy Williams and/or Fernando Ball." Complaint, ¶ 7.

{¶ 5}    Service was initially attempted on Hill, but was not perfected, because the listed address was vacant.  The State then filed a request for service on Hill at a different address, and service was perfected on June 15, 2011, by certified mail.  The certified mail receipt bore Hill's purported signature.  See Docket # 17.  On July 29, 2011, the State filed a motion for default judgment against Hill, noting that Hill had failed to move or plead within the time permitted by the Ohio Civil Rules.  A default judgment entry and decree of forfeiture was filed on August 1, 2011, ordering $890 in currency forfeited to the State of Ohio.  This included the amount seized from Hill and another small sum seized from Ball.

{¶ 6}    On August 2, 2011, Hill, acting pro se, filed a document with the trial court, indicating that he had never been served with the complaint.  Hill stated that the signature on the certified mail receipt was not his signature.  Hill then filed a notice of appeal from the default judgment on August 23, 2011.

{¶ 7}    Civ.R. 55(A) provides that:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct

such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

**{¶ 8}** Decisions to grant default judgments are reviewed for abuse of discretion. *See, e.g.*, *Huffer v. Cicero*, 107 Ohio App.3d 65, 74, 667 N.E.2d 1031 (4th Dist.1995). Accord, *Wells Fargo Fin. Natl. Bank v. Douglas*, 2d Dist. Montgomery No. 24349, 2011-Ohio-3739, ¶ 17.

**{¶ 9}** Civ.R. 12(A)(1) provides that defendants must file answers to complaints within twenty-eight days after service of the complaint and summons. Hill was therefore required either to file an answer or to request an extension of time for filing an answer, by July 12, 2011. When Hill failed to take any action, the trial court properly granted the State's motion for default judgment.

**{¶ 10}** The trial court was also not required to hold a hearing on damages, because the complaint and motion for default judgment clearly set forth the amount of damages and show that the amount is ascertainable. *Nationwide Mut. Fire Ins. Co. v. Barrett*, 7th Dist. Mahoning No. 08 MA 130, 2008-Ohio-6588, ¶ 26, citing *Palisades Collections, L.L.C. v. Grieshop*, 3d Dist. Auglaize No. 2-07-13, 2007-Ohio-5766, ¶ 16-18. Accordingly, Hill's sole assignment of error is without merit.

**{¶ 11}** We do note that Civ.R. 55(B) states that "If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable

time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶ 12}** A year has not yet elapsed from the time that the default judgment was entered against Hill. Therefore, if Hill believes that grounds exist for setting aside the default judgment, he may file a motion with the trial court, setting forth reasons why the default judgment should be set aside. We express no opinion on the merits of such a motion.


### III. Conclusion

**{¶ 13}** Hill's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and HALL, JJ., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Maureen C. Yuhas
Fernando Ball
John Hill
Hon. Mary L. Wiseman