[Cite as *McMahan v. Mabberly*, 2014-Ohio-1448.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

DON A. McMAHAN :
dba McMAHAN'S MOBILE HOME PARK

    Plaintiff-Appellee : C.A. CASE NO.   25998

v. : T.C. NO.   13CVG766

DREMA MABBERLY : (Civil appeal from
                               Municipal Court)

    Defendant-Appellant :

:

. . . . . . . . . .

**O P I N I O N**

Rendered on the    4th    day of     April    , 2014.

. . . . . . . . . .

RICHARD G. KNOSTMAN, Atty. Reg. No. 0007212, 4428 N. Dixie Drive, Dayton, Ohio 45414
    Attorney for Plaintiff-Appellee

DREMA MABBERLY, 50 Bond Street, Dayton, Ohio 45405
    Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}** Drema K. Mabberly appeals from a judgment of the Mongtomery

County Municipal Court, Eastern Division, which granted a default judgment to Don McMahan, dba McMahan's Mobile Home Park, in his forcible entry and detainer action. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} According to the complaint, Mabberly was a month-to-month tenant at 3344 Paramount Avenue, located within McMahan's Mobile Home Park in Riverside, Ohio. Mabberly allegedly failed to pay rent and utilities in full. On August 19, 2013, McMahan provided written notice to Mabberly to vacate the premises.

{¶ 3} On September 3, 2013, McMahan brought suit against Mabberly seeking restitution of the premises and all back rent, unpaid utilities, and late charges up to the date that the premises are returned to him. McMahan alleged that Mabberly owed $1,401.85 for unpaid rent and utilities to September 30, 2013, and would owe $15 per day from that date until the premises are returned.

{¶ 4} The record reflects that on September 4, 2013, Mabberly was served, by residential service, with the complaint and a summons to appear for a hearing on September 19, 2013. The complaint and summons were also served by certified mail and were signed for by Vicky Long on September 12, 2013.

{¶ 5} A restitution hearing was held, as scheduled, on September 19; there is no indication in the record that Mabberly appeared for the hearing. On the same day, the trial court granted restitution of the premises to McMahan. Filed at the same time as the judgment of restitution was (1) an affidavit by McMahan, indicating that Mabberly had breached their rental agreement by failing to pay rent and utilities and that McMahan had provided the required written notice to vacate, and (2) a "breakdown of charges," showing

that Mabberly owed $1,968.91 for rent, utilities, cleaning charges, and attorney fees.

{¶ 6} Mabberly did not respond to the complaint. On October 10, 2013, McMahan moved for a default judgment, asserting that more than 28 days had elapsed since service upon Mabberly and that she had failed to file an answer. On October 16, 2013, the trial court granted judgment to McMahan in the amount of $1,968.91, plus interest.

{¶ 7} Mabberly appeals from the trial court's judgment. She states that she was misinformed about the date by which "to file a motion * * * against the default judgment originally filed against me by Don McMahan." Mabberly says that she "was told" that she "had until September 17, 2013, but the deadline was September 10, 2013." She asks for an opportunity to prove that she does not owe the amount claimed by McMahan.

{¶ 8} Default judgments are governed by Civ.R. 55. That Rule provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.] * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

The decision to grant a default judgment is reviewed for an abuse of discretion. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 2012 CA 37, 2012-Ohio-5095, ¶ 5. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably.

*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** Civ.R. 12(A)(1) provides that a defendant must file an answer to a complaint within 28 days after service of the complaint and summons.[1] Proper methods of service include residential service and service by certified mail. Civ.R. 4.1(A) and (C).

**{¶ 10}** The record reflects that Mabberly was properly served by residential service on September 4, 2013, and that she was required to file an answer to McMahan's monetary claim (or to request an extension of time for filing an answer) by October 2, 2013. Mabberly failed to do so. Accordingly, McMahan was entitled to move for a default judgment on October 10, and the trial court properly granted his motion.

**{¶ 11}** The trial court was not required to hold a hearing on damages, because McMahan's breakdown of charges, which was filed on September 19, 2013, set forth the amount of damages and demonstrated that the amount was ascertainable. *In re Ball*, 2d Dist. Montgomery No. 24786, 2012-Ohio-2095, ¶ 8.

**{¶ 12}** Mabberly's sole assignment of error is without merit.

**{¶ 13}** We note that Civ.R. 55(B) states that "[i]f a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made

---

[1] R.C. 1923.06(H), which governs forcible entry and detainer actions, similarly provides that, for any claim filed with the claim for restitution of the property, the deadline for filing an answer is 28 days from the date that service is deemed complete.

within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Indus., Inc*., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶ 14}** If Mabberly believes that grounds exist for setting aside the default judgment, she may be able to file a motion with the trial court, setting forth reasons why the default judgment should be set aside. We express no opinion on the merits of such a motion.

**{¶ 15}** The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Richard G. Knostman
Drema Mabberly
Hon. James D. Piergies