[Cite as *Morgan v. Cherry*, 2014-Ohio-3351.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK   COUNTY**

| | | |
|---|---|---|
| LARRY N. MORGAN | : | |
| | : | Appellate Case No. 2013-CA-106 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 13-CV-87 |
| v. | : | |
| | : | |
| PAUL CHERRY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of August, 2014.

. . . . . . . . . . .

LARRY N. MORGAN, Post Office Box 843, Springfield, Ohio 45501
        Plaintiff-Appellant, *pro se*

JAMES E. HEATH, Atty. Reg. #0003757, Ronemus & Heath Co., L.P.A., 5 East Columbia
Street, Springfield, Ohio 45502
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Larry N. Morgan appeals pro se from the trial court's dismissal of his

malicious-prosecution counterclaim against appellee Paul Cherry.

{¶ 2}   Morgan advances two assignments of error. First, he contends the trial court

erred in denying his motion for default judgment on the counterclaim. Second, he claims the trial court deprived him of procedural due process by failing to hold a hearing on the default-judgment motion.

{¶ 3} The record reflects that Cherry filed a forcible entry and detainer action against Morgan in Clark County Municipal Court. The action arose after Cherry purchased a home from an estate and found that Morgan was residing therein. Morgan filed a pro se counterclaim on January 3, 2012 alleging that Cherry's lawsuit was frivolous and that Cherry had filed it maliciously, resulting in Morgan suffering serious mental anguish, distress, pain, and suffering. Following a hearing, a magistrate found Cherry entitled to restitution of the premises. The municipal court judge overruled objections to that ruling and adopted it. Morgan appealed from the municipal court's ruling. This court dismissed the appeal because Cherry had been restored to the premises and Morgan had not followed the statutory procedure for preventing the issue from becoming moot. *See Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11, 2012 CA 21, 2012-Ohio-3594.

{¶ 4} Following our ruling, Morgan filed a November 13, 2012 motion in the municipal court to have the case transferred to common pleas court for resolution of his counterclaim. He argued that the counterclaim exceeded the municipal court's monetary jurisdiction. Cherry filed a November 20, 2012 reply to the counterclaim and also requested that it be dismissed. The municipal court sustained Morgan's motion to transfer the case to common pleas court. After the transfer, Morgan filed an August 19, 2013 motion for default judgment. He argued that Cherry had not timely replied to his counterclaim. Cherry opposed the motion. Morgan then filed a September 23, 2013 "notice to correct error of countersuit to malicious

prosecution and request for hearing on default motion." Therein, he clarified that his counterclaim alleged malicious prosecution. Also on September 23, 2013 Morgan filed a "notice of intention to offer to submit evidence." In that filing, he stated that he would be using various items as evidence "as [the] case proceeds." On November 14, 2013, the trial court summarily dismissed Morgan's counterclaim. This appeal followed.[1]

{¶ 5} In his first assignment of error, Morgan contends the trial court erred in denying him default judgment.[2] He argues that he was entitled to default judgment when twenty-eight days passed after the filing of his counterclaim and Cherry failed to respond. Morgan maintains that Cherry's November 20, 2012 reply to the counterclaim "had no merit nor legal standing in this case." (Appellant's brief at 4).

{¶ 6} We review a ruling on a motion for default judgment for an abuse of discretion. *McMahan v. Mabberly*, 2d Dist. Montgomery No. 25998, 2014-Ohio-1448, ¶ 8; *CityMortgage, Inc. v. Kermeen*, 2d Dist. Darke No. 2011 CA 2, 2012-Ohio-1655, ¶ 33. Here the trial court did not abuse its discretion in denying Morgan default judgment. Although Cherry responded to the counterclaim beyond the time provided by rule, he did so before Morgan even moved for default judgment. In addition, this court has recognized that "'[w]here a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record.'" *Bank of Am., N.A. v. Shultz*, 2d Dist. Clark No. 2012-CA-70, 2013-Ohio-2567, ¶ 15, quoting *Suki v. Blume*, 9

---

[1] We note that the judgment on appeal designates Morgan as the plaintiff and Cherry as the defendant even though Cherry commenced the action in municipal court and Morgan filed a counterclaim that was transferred to common pleas court.

[2] Although the trial court never explicitly ruled on the motion for default judgment, its dismissal of Morgan's counterclaim implicitly denied him default judgment on it.

Ohio App.3d 289, 290, 459 N.E.2d 1311 (8th Dist. 1983). We find that to be the case here and see no abuse of discretion in the denial of default judgment. The first assignment of error is overruled.

{¶ 7} In his second assignment of error, Morgan alleges a Fourteenth Amendment procedural due process violation based on the trial court failing to hold a hearing on an unspecified September 23, 2013 motion. As set forth above, Morgan filed two things on that date: (1) a "notice to correct error of countersuit to malicious prosecution and request for hearing on default motion" and (2) a "notice of intention to offer to submit evidence." In the former filing, he clarified that his counterclaim alleged malicious prosecution and requested a hearing on his default-judgment motion. The latter filing simply stated: "Now comes the plaintiff Larry N. Morgan, pro-se who will be using as evidence Ohio Revised Code, case laws, and other legal documentation such as journal entries and docket sheets and transcripts[,] and any other evidence that comes to light as case proceeds."

{¶ 8} The only motion reflected in the two filings is a request for a hearing on the default-judgment issue. We are unpersuaded that the trial court deprived Morgan of procedural due process by failing to hold a hearing on his motion for default judgment. It is a fundamental tenet of law that "[t]he Fourteenth Amendment forbids state actors from depriving individuals of life, liberty, or property without due process of law." (Citation omitted) *Hemphill v. Dayton*, 2d Dist. Montgomery No. 23782, 2011-Ohio-1613, ¶ 99. But "[d]ue process does not mean that an *oral* hearing is always required in disposition of a legal matter." *Yeager v. Beckley*, 7th Dist. Carroll No. No. 636, 1996 WL 65942, *3 (Feb. 12, 1996). In *T.M. v. J.H.*, 6th Dist. Lucas Nos. L-10-1014, L-10-1034, 2011-Ohio-283, for example, the court reasoned that "[w]hile no hearing

is required to deny [a sanctions] motion, due process demands such a hearing when an award may be made." *Id.* at ¶ 96. Similarly, Morgan lacked a due process right to a hearing because the trial court's denial of default judgment did not deprive him of any protected interest. The only possible interest here would be a property interest, as Morgan's life and liberty were not at stake. Awarding default judgment is discretionary, however, and Morgan had no legitimate claim of entitlement to such a judgment. *Cf. Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979) (finding no property interest in an application to appear pro hac vice because Ohio law grants trial courts considerable discretion to approve or deny such applications). And without a protected property interest at stake, there can be no viable procedural due process claim. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007), citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579, 92 S.Ct. 2701, 33 L.Ed. 548 (1972).[3] The second assignment of error is overruled.

{¶ 9} The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Larry N. Morgan
James E. Heath
Hon. Douglas M. Rastatter

---

[3] Nor did Civ.R. 55 obligate the trial court to hold a hearing. Under that rule, a trial court *may* hold a hearing before entering default judgment. *CitiMortgage* at ¶ 35. The rule says nothing about a hearing before denying default judgment.